REQUESTED BY: Judi M. Morgan, Executive Director of Commission on Indian Affairs
You have asked our opinion regarding the following:
 1. Whether or not the Ponca Tribe can obtain substance abuse funding from the Department of Health and Human Services (HHS) in the same manner that annual funding for substance abuse services is provided to three other Nebraska Tribes, i.e., Santee Sioux, Omaha, and Winnebago.
 2. Whether or not the Ponca Tribe may enter into a State Tribal-Cooperative Agreement with HHS pursuant to Neb. Rev. Stat. §§ 13-1501 through 1509 (1997) in order to obtain substance abuse funding.
Before addressing your first question, we will summarize the legislation that pertains to the status of the Ponca Tribe and the provision of substance abuse funding throughout the state.
In 1990, Congress passed the "Ponca Restoration Act" which restored Federal recognition to the Ponca Tribe of Nebraska.25 U.S.C.A. §§ 983 through 983h. Accordingly, all federal laws of general application to Indians and Indian tribes apply to the Ponca Tribe and its members. 25 U.S.C.A § 983a. Congress determined that reservation status would not be granted to any land acquired by or for the Tribe. 25 U.S.C.A. § 983e. Nevertheless, the tribe and its members are eligible for all federal services and benefits furnished to federally recognized tribes without regard to the existence of a reservation for the tribe. In the case of federal services available to members of federally recognized tribes residing on or near a reservation, members of the Ponca Tribe residing in Knox, Boyd, Madison, Douglas, or Lancaster counties of Nebraska or Charles Mix county of South Dakota shall be deemed on or near a reservation.25 U.S.C.A. § 983c.
The Nebraska Legislature created a framework for the treatment of alcoholism with Neb. Rev. Stat. §§ 71-5016
through 71-5040 (1996). The services are funded through the General Fund and matching funds from regional governing boards representing the combination of various counties. Neb. Rev. Stat. § 71-5027 states as follows:
 [t]he six regional governing boards established pursuant to section 71-5004 shall provide community alcoholism facilities, programs, and services. The boards shall provide funds for such community-based projects. Federal funding, private sources, third-party payments, and fees collected may be used as sources of necessary funds. Each regional governing board shall provide one dollar for every three dollars provided from the General Fund. Of the amount provided by each regional governing board, not less than forty percent shall be provided by local and county taxes and the remainder shall come from other nonfederal sources. Regional governing boards shall not be required to provide such matching funds for alcohol treatment programs located on Indian reservations. . . .
In our opinion, this statute establishes that funding from the General Fund is available for all community alcoholism facilities. If a facility is on a reservation, then matching funds from the regional governing board are not required.
In accordance with the foregoing laws, it is our opinion that a community alcoholism facility established by the Ponca Tribe is eligible for funds from the General Fund in the same manner as a facility established by any other group of citizens. Because the Ponca Tribe cannot receive reservation status for any land that the Ponca Tribe acquires (per federal law), the location of any substance abuse program established by the tribe will not be on a reservation. Therefore, the Ponca Tribe program will be eligible for matching funds from the regional governing boards as well as funds from the General Fund.
You have also asked whether the State-Tribal Cooperative Agreements Act, Neb. Rev. Stat. §§ 13-1501 through 1509 (1997), applies in this situation. HHS is a public agency as defined by Neb. Rev. Stat. § 13-1502(2) in that it is a department of the state. The Ponca Tribe is a tribal government as defined by Neb. Rev. Stat. § 13-1502(3) in that the Ponca Tribe is recognized as eligible for services provided by the United States to Indians because of their status as Indians.25 U.S.C.A. § 983c. Therefore, the Ponca Tribe and HHS could enter into a State-Tribal Cooperative Agreement as provided in Neb. Rev. Stat. § 13-1503 (1997) if the Ponca Tribe and HHS so desired.
Sincerely,
 DON STENBERG Attorney General
 Melanie J. Whittamore-Mantzios Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General